UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Stephen Steeneck,

                Plaintiff                        COMPLAINT

              -against-

Power-Save Energy Company, f/k/a          (Jury Trial Demanded)
Safari Associates, Inc.,

                Defendant.
----------------------------------------------------------x

**07 CIV. 4770**

**ROBINSON**

Plaintiff, complaining of the defendant by the undersigned attorneys respectfully alleges as follows:

THE PARTIES

1.      Plaintiff as an adult residing in Yorktown Heights, New York 10598.

2.      Defendant Power-Save Energy Company, f/k/a Safari Associates, Inc., (hereafter "PWSV") is a corporation duly organized and existing under and by virtue of the laws of the State of Utah. It maintains its principal place of business at 3940-7 Broad Street, Suite 415, San Luis Obispo, California 93401.

3.      On or about November 28, 2006, Safari Associates Inc., changed its name to Power-Save Energy Company pursuant to an amendment to the Articles of Incorporation or by-laws of the company.

4. At all material times hereinafter mentioned, PWSV is a development stage company engaged in the business of the developing and testing various safety devices intended to save lives in the event of hostile fire. Its principal products are the Flame Tame™ and an individual portable Descent Device with the recent acquisition of another development stage company known as Power-Save Energy Corp., PWSV also manufacturers, markets and sells an electricity savings device for homeowners known as the Power-Save 1200.

5. PWSV is a publicly traded corporation trading under the symbol PWSV.OB under the auspices of the U.S. Securities and Exchange Commission.

## JURISDICTION AND VENUE

6. This Court's jurisdiction is predicated upon 28 U.S.C. §1332©) in that complete diversity of citizenship exists among the parties, to wit: the plaintiff is an adult citizen and resident of the State of New York and the defendant is a Utah corporation with its principal place of business in the State of California.

7. Venue of this action is fixed within the Southern District of New York, White Plains Division in that the defendant is authorized to do business and does substantial business within the State of New York. In addition, many of the transactions complained of took place within Westchester County.

## NATURE OF THE ACTION

8. Plaintiff is a former director and chief executive officer of the defendant (from November 2000 until April 5, 2006). The claims asserted by the plaintiff sound in breach of contract, *quantum meruit*, unjust enrichment and other state-based claims. In substance, the claims assert that the defendant is responsible to the plaintiff for failure to remit payment on loans made by the plaintiff to the defendant in the aggregate of $113,400.00. In addition, the defendant is indebted to the plaintiff in the principal sum of $500,000.00 representing deferred compensation now due and owing to the plaintiff after due demand was made and no payment was received. This Complaint seeks to recover monetary damages in the sum of at least $613,400.00 exclusive of interest, costs and disbursements.

## FACTUAL BACKGROUND

9. Plaintiff repeats, reiterates and realleges each and every allegation above with the same force and effect as if set forth at length herein.

10. Commencing on or about December 2002 and continuing through June 20, 2005 the plaintiff made interest free loans, totaling $113,400, to the defendant. The purpose of the loans was to fund and cover the defendant's operating expenses and to provide the company with working capital.

11. In the defendant's June 30, 2005 FORM 10-QSB, the defendant acknowledged having received the said $113,400.00 as loans from the plaintiff which were used for working capital.

12. It was agreed by and between the parties that the defendant would repay the loans within a reasonable time after demand for repayment was made by the plaintiff.

13. On or about April and May 2006, the plaintiff demanded repayment of the $113,400.00.

14. Notwithstanding due demand, the defendant has failed and refused to pay the plaintiff and there remains due and outstanding the sum of $113,400.

15. By virtue of the foregoing, defendant is liable in damages to the plaintiff for the failure to pay the loans as they matured. The damages sustained by the plaintiff with respect to the unpaid loans is $113,400.00 together with applicable interest from the date of the demand for payment.

### AS AND FOR A SECOND CLAIM
### FOR ASSUMPSIT, MONEY HAD AND RECEIVED

16. Plaintiff repeats, reiterates and realleges each and every allegation above with the same force and effect as if set forth at length herein.

17. The defendant is in receipt of the sum of $113,400.00 transferred to it by the plaintiff pursuant to a loan agreement between the parties.

18. Although due demand for payment has been made by the plaintiff to the

defendant, no such payment has been made and the plaintiff has sustained damages in the sum of at least $113,400.00, together with applicable interest, costs and disbursements.

### AS AND FOR A THIRD CLAIM
### FOR BREACH OF CONTRACT
### (COMPENSATION DUE AND OWING)

19. Plaintiff repeats, reiterates and realleges each and every allegation above with the same force and effect as if set forth at length herein.

20. At all material times relevant herein, plaintiff was a Director and CEO of the defendant. During the course of the plaintiff's tenure as such, plaintiff and defendant entered into an oral employment agreement under and by which the plaintiff was to receive $150,000/year as and for his salary, commencing November 2003 and continuing until October 31, 2006.

21. The terms of compensation above referenced were orally agreed upon between the plaintiff and defendant and confirmed on December 31, 2002 when the defendant filed a Form 10-KSB stating as follows: "During the final two (2) months of 2001, Stephen Steeneck deferred his compensation. In April of 2003 the company will provide him with a three (3) year renewable Employment Agreement.

22. The defendant provided the plaintiff with a three (3) year renewal agreement which, among other things entitled the plaintiff to a compensation package of $150,000/year.

23. In reliance upon the representations of the defendant, plaintiff continued in the employ of the defendant as its CEO and remained in said position for three (3) years and three (3) months.

24. During the plaintiff's tenure as CEO, and to ease the defendant's financial burdens, plaintiff agreed to defer this compensation until the end of the employment contract with the defendant.

25. On or about April 5, 2006 the plaintiff was removed as the defendant's CEO and Director.

26. On or about April and May 2006, plaintiff demanded payment in full of his deferred compensation of $150,000/year for a period of three (3) years and 3 months.

27. Defendant has failed, neglected and refused to pay plaintiff the compensation to which he is entitled, all to his damage in the sum of at least $487,500 plus applicable interest.

### AS AND FOR A FOURTH CLAIM FOR UNJUST ENRICHMENT

28. Plaintiff repeats, reiterates and realleges each and every allegation above with the same force and effect as if set forth at length herein.

29. By virtue of the foregoing, defendant has been unjustly enriched in that it received

and was the beneficiary of the plaintiff's work, labor and services over a multi-year term and has failed, neglected and refused to compensate the plaintiff for his efforts.

30. As a result, defendant has been unjustly enriched in the sum of at least $487,500.

### AS AND FOR A FIFTH
### CLAIM FOR QUANTUM MERUIT
### FOR SERVICES RENDERED

31. Plaintiff repeats, reiterates and realleges each and every allegation above with the same force and effect as if set forth at length herein.

32. The fair and reasonable value of the services rendered by the plaintiff to, for or on behalf of the defendant is at least $487,500 plus applicable interest.

33. Defendant has failed to pay the plaintiff for his services as aforestated.

34. As a consequence of the foregoing, plaintiff is entitled to at least $487,500 in damages from the defendant.

WHEREFORE, plaintiff demands judgment as follows:

A. On the first cause of action for breach of contract in the sum of $113,400;

B. On the second cause of action for money had and received in the sum of $113,400;

C. On the third cause of action for compensation due and owing in the sum of at least

$487,500;

D.   On the fourth cause of action for unjust enrichment due and owing in the sum of at least $487,500;

E.   Plus interest, costs, disbursements; and

F.   Such other relief as may be just and proper.

Dated: White Plains, New York
       May 24, 2007

ANDREW GREENE & ASSOCIATES, P.C.
Attorneys for Plaintiff

By: _____
    Stanley S. Zinner (SZ 4448)
    Of Counsel
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 948-4800

**JURY TRIAL DEMANDED**