Philip Rosenbach, Esq. (PR-7672)
BERMAN ROSENBACH, P.C.
10 Madison Avenue, P.O. Box 1916
Morristown, New Jersey 07962-1916
(973) 206-8200
Attorneys for Defendant
Power-Save Energy Company

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| STEPHEN STEENECK, | : | |
| | : | |
| Plaintiff, | : | Case No.: 07 civ. 4770 (WCC)(GAY) |
| | : | ECF Case |
| -v- | : | |
| | : | |
| POWER-SAVE ENERGY COMPANY, | : | **ANSWER** |
| f/k/a SAFARI ASSOCIATES, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

Defendant Power-Save Energy Company, by way of Answer to the Complaint,

says:

THE PARTIES

1.      Defendant does not have sufficient knowledge or information to admit

or deny the allegations of paragraph 1, which allegations are therefore denied.

2.      The allegations of paragraph 2 are admitted.

3.      The allegations of paragraph 3 are admitted.

4.    The allegations of paragraph 4 are denied, except defendant admits that at all material times with respect to this matter, the defendant has been a development stage company and that defendant has a subsidiary known as Power-Save Energy Corp.

5.    Defendant admits that it is a publicly traded corporation, but denies that its symbol is PWSV.OB.

## JURISDICTION AND VENUE

6.    Defendant does not have sufficient knowledge or information to admit or deny the allegations of paragraph 6, which allegations are therefore denied.

7.    The allegations of paragraph 7 are denied.

## NATURE OF THE ACTION

8.    The allegations of paragraph 8 are generally denied for the reasons set forth in the following answers.

## FACTUAL BACKGROUND

9.    Defendant repeats its answers to the foregoing allegations as set forth at length herein.

10.    The allegations of paragraph 10 are denied.

11.    Defendant does not have sufficient knowledge or information to admit or deny the allegations of paragraph 11, which allegations are therefore denied.

12.     The allegations of paragraph 12 are denied.

13.     The allegations of paragraph 13 are admitted.

14.     Defendant admits that it has refused to make payment to the plaintiff, but defendant denies that there is any sum due and owing to the plaintiff.

15.     The allegations of paragraph 15 are denied.

### CLAIM FOR ASSUMPSIT, MONEY HAD AND RECEIVED

16.     Defendant repeats its answers to all of the foregoing allegations as set forth at length herein.

17.     The allegations of paragraph 17 are denied.

18.     Defendant admits that demand for payment-made by the plaintiff but denies the remaining allegations of paragraph 18.

### CLAIM FOR BREACH OF CONTRACT

19.     Defendant repeats its answers to all of the foregoing allegations as set forth at length herein.

20.     Defendant admits that plaintiff served as a director and had the title of CEO of defendant for a time, and denies the remaining allegations of paragraph 20.

21.     The allegations of paragraph 21 are denied, except to the extent that paragraph 21 accurately quotes from a Form 10-KSB filed by the defendant.

22.     The allegations of paragraph 22 are denied.

23.    The allegations of paragraph 23 are denied.

24.    The allegations of paragraph 24 are denied.

25.    The allegations of paragraph 25 are admitted.

26.    The allegations of paragraph 26 are admitted.

27.    The allegations of paragraph 27 are denied.

CLAIM FOR UNJUST ENRICHMENT

28.    Defendant repeats its answers to all of the foregoing allegations as set forth at length herein.

29.    The allegations of paragraph 29 are denied.

30.    The allegations of paragraph 30 are denied.

CLAIM FOR QUANTUM MERUIT

31.    Defendant repeats its answers to all of the foregoing allegations as set forth at length herein.

32.    The allegations of paragraph 32 are denied.

33.    The allegations of paragraph 33 are denied.

34.    The allegations of paragraph 34 are denied.

FIRST SEPARATE DEFENSE

The Complaint fails to set forth a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

The Southern District of New York is an improper venue for this matter, and the Complaint should be dismissed or transferred to a federal court sitting in California or Utah.

## THIRD SEPARATE DEFENSE

The relief sought in the Complaint is barred because of the plaintiff's unclean hands.

## FORTH SEPARATE DEFENSE

The relief sought in the Complaint is barred by laches and estoppel.

## FIFTH SEPARATE DEFENSE

The relief sought in the Complaint is barred by the statute of frauds.

## SIXTH SEPARATE DEFENSE

The relief sought in the Complaint is barred by the applicable statute of limitations.

## SEVENTH SEPARATE DEFENSE

The relief sought in the Complaint is barred because of failure of consideration.

WHEREFORE, Power-Save Energy Company requests that the Court enter judgment:

      (A)   Dismissing the Complaint with prejudice.

(B)     Awarding Power-Save Energy Company its costs and attorneys'

fees, together with such other and further relief as the Court may deem just and

proper.


Date: September 27, 2007

                                        Berman Rosenbach, P.C.
                                        Attorneys for Defendant

                                        By:  /s/ Philip Rosenbach
                                             Philip Rosenbach, Esq. (PR-7672)